HIRST, Appellant, v. RINGEN REAL ESTATE COMPANY.

Division One, June 18, 1902.

1. **Negligence:** FALLING INTO HATCHWAY ON RENTED PREMISES: ORDINANCE: PLEADING. A petition which states that the back yard to a building, rented to several parties, was under the control of the owner but was used by all the tenants; that a hatchway therein, which opened into the cellar to the building, was under his exclusive control; that the hatchway, at the time of the injury to the child of plaintiff, who was one of the tenants, was not barred, inclosed by railings, gates or other contrivances to prevent accidents or injuries to persons therefrom, as required by a certain ordinance specifically named, and that in consequence thereof plaintiff's child fell therein, was injured, and died from such injuries, states a cause of action for negligence against the owner, on the theory that such ordinance prescribes a rule of conduct, for violating which the violator may be held in damages to a third person.

2. ———: ORDINANCE: VIOLATION: PLEADING. In such case an ordinance is sufficiently pleaded to withstand a general demurrer, whose substance, general tenor and legal effect are set out, with specific reference to the section, article and chapter of the general ordinances wherein the particular provision can be found, and, with an allegation that it applies to the particular kind of hatchway described in the petition.

Appeal from St. Louis City Circuit Court.—*Hon. H. D. Wood,* Judge.

REVERSED AND REMANDED.

*McKeag & Cummings* for appellant.

The plaintiff is not relying entirely upon the ordinance, or whether or not it only refers to hatchways in the inside or outside of buildings; but in addition contends that inasmuch as the yard, as averred in the plaintiff's petition, was used in common by all of defendant's tenants occupying its flats, opening out into said yard, for drying clothes and various other purposes of like kind, the defendant being in the possession of it, there was imposed upon it a duty to keep the yard in a safe condition; this is a still stronger case of duty, because the defendant was in the possession at the time of the occurrence of the part of the cellar into which this opening led and into which the child fell. McGinley v. Alliance Trust Co., 168 Mo. 257.

*Kortjohn & Kortjohn* for respondent.

(1) The only negligence alleged is the failure to comply with a city ordinance. This allegation states no cause of action, because the ordinance or the substance thereof is not pleaded. It is not sufficient to plead an ordinance of the city by its title and date of its passage, but the substance of the ordinance must be set out. Kansas City v. Johnson, 78 Mo. 665; Moberly v. Hogan, 131 Mo. 19. (2) If the substance of the ordinance had been set out, it would have appeared that the same applies only to the interior of buildings and not to a yard or an open court in the rear thereof. (3) Besides this, a municipal ordinance can not create a civil liability. Moran v. Pullman Palace Car Co., 134 Mo. 650. We are aware of

the fact that this court has somewhat modified this doctrine, when ordinances were enacted by a city to control its streets or buildings. But here the petition shows that the areaway complained of was not in the building nor near a street, but in the rear yard of the dwelling rented by plaintiff. The city has control of the streets, and when it grants to a street railroad the right to use it, it may have the power to grant such a franchise upon conditions fixed by it. It may also be argued that a city, having the duty to provide for the safety of those who travel over its highways, has the right to require that a hole or dangerous place abutting such highway shall be properly guarded. In a recent case this court approved an instruction which seems to mean that if an elevator-opening in a building is not guarded as required by ordinance, the owner of the building is guilty of negligence. It may be said that this ruling is based on the fact that the city has control of the manner of erecting buildings and has the power to decide whether or not such buildings are safe. In all of the foregoing named instances, it may be argued that in the control of the public highways and buildings, the right to prescribe the manner of using streets, and erecting the buildings, are incident to the city's right of control, expressly given by the charter. But granting this, it does not follow that the city has a right to prescribe how a depression on a person's premises, but not in his building, and not abutting a street, shall be guarded.

MARSHALL, J.—This is an action for damages by the mother of an infant child who was killed by falling into a hatchway on premises owned by the defendant.

The defendant demurred generally to the petition. The court sustained the demurrer. The plaintiff stood upon the ruling, final judgment on demurrer was entered for the defendant, and the plaintiff appealed. The sufficiency of the petition is therefore the sole question involved herein.

The petition is as follows:

"Plaintiff for her amended petition, leave of court first had and obtained, states that the defendant, the Ringen Real Estate Company, is now and was at all times hereinafter mentioned, a corporation, duly incorporated under the laws of Missouri. That the plaintiff is a widow, and the mother of Albert Robert Hirst, now deceased, the father having died prior to any time hereinafter mentioned. That she was the tenant of the said defendant at No. 1435 Old Manchester Road, located in City Block No. 3991, in the said city of St. Louis, State of Missouri, on the first day of September, 1899, and for several months prior thereto, and as such did occupy the storeroom and two rooms in the rear, on the first floor at said numbers, also the front half of the cellar under said storeroom and rooms, the entrance to this portion being inside the storeroom. That there was a partition wall between this half occupied by plaintiff and the rear half of the cellar. That there was a rear door from the rooms so occupied by the plaintiff in a court yard, which yard was under the control of the said defendant, but was used in common by all of defendant's tenants occupying its flats opening out into said yard, for drying clothes and various other purposes of like kind. That the said flats of said defendant were two stories; the one so occupied by the plaintiff was at the time plaintiff first went to live there, occupied by a tenant on the second floor, who had the exclusive use and control of the rear portion of said cellar and the entrance thereto, but had vacated said second story and cellar; both of these were in the exclusive possession of the defendant at the time of the injury to plaintiff's child. That the hatchway, area and entrance was from the yard near to plaintiff's said rear entrance, and on the surface presented a square frame of wood about four feet by five feet and about six feet deep, the frame being on a level with said yard. That this hatchway, areaway and entrance, at the time of the injury

to plaintiff's child, was not barred, inclosed by railing, gates or other contrivances to prevent accidents or injuries to persons therefrom, as required by section 749, article 3, chapter 16, of the Revised Ordinance of the city of St. Louis, approved April 7, 1893. That it was the duty of said defendant to have said hatchway, areaway and entrance to said rear cellar protected as required by said ordinance. Plaintiff further states that on or about the first day of September, 1899, the said Albert Robert Hirst, the infant child of plaintiff, aged two years and eight months, fell into said hatchway, areaway and entrance and was thereby seriously and fatally injured on the head and spine, from the results of which he died on or about October 24, 1899. Plaintiff further avers that said hatchway, into which her said child fell, was never used by her or any other of the tenants opening into or using said yard, from the time it became vacant or before, only the tenant who occupied the second story of said flat. Plaintiff avers and charges the fact to be that the neglect and failure of the defendant to perform the duty inposed upon it by said ordinance to protect said hatchway, areaway and entrance to said cellar and the neglect to perform his duty to all who entered into said yard, was culpable carelessness and negligence, that said neglect of duty, culpable carelessness and negligence on the part of the defendant was the cause of the death of her said child, Albert Robert Hirst. That she was put to great expense in nursing said child and paying doctors' bills and medicine for said child from the time of said injury to said child up to the time of said child's death. That she has been damaged by the care given said child and its death in the sum of five thousand dollars, for which she prays judgment and her costs."

## I.

The plaintiff contends that the decision of this court in McGinley v. Alliance Trust Co., 168 Mo. 257, is decisive of this case in her favor.

The McGinley case was predicated entirely upon the common-law negligence of the defendant in not keeping the part of his premises that was intended for the common use of all the tenants on the premises, but which was not rented to any one of them, in a safe condition and no city ordinance whatever was in the case. Whereas, this case is bottomed solely upon an ordinance of the city of St. Louis. Therefore, the McGinley case is not decisive of this case nor even applicable to it.

Parties can not declare on one cause of action and recover upon another, even though they might have had a right to recover upon such other cause of action if it had been pleaded. [Cole v. Armour, 154 Mo. 333.]

This case is more nearly akin to the case of Wendler v. Peoples Furnishing Co., 165 Mo. 527, for that was an action for common-law negligence, and upon an ordinance of the city of St. Louis. The author hereof did not agree to that decision, because he has never been able to understand how an ordinance of a city, passed in pursuance to the police power of the city and carrying its own punishment, as for a misdemeanor, for its violation, can afford the basis of a civil liability from one third person to another, nor has he ever believed that when the action is for common law negligence, and not predicated upon the ordinance, such ordinance is admissible in evidence at all, as is frequently allowed in such cases. It can not be true that the ordinance affords the basis of a civil liability between third persons, and be also true that it is evidence of negligence in an action for common-law negligence. It can not be that such an ordinance is *evidence* of anything. It is either a rule of action or it is nothing. However, a majority of this court held otherwise as to its affording a basis for a civil action in the Wendler case, and the dissent of the author hereof was unavailing.

Under the rules laid down in that case it is not discerni-

ble how it can be said that this petition does not state a cause of action. The allegation of the petition is "that this hatchway, areaway and entrance at the time of the injury to plaintiff's child was not barred, inclosed by railing, gates or other contrivances to prevent accidents or injuries to persons therefrom as required by section 749, article 3, chapter 16, of the Revised Ordinance of the city of St. Louis, approved April 7, 1893.".

This is an averment that section 749 of the city ordinance required this hatchway, areaway and entrance to be barred, inclosed by railing, gate or other contrivance to prevent accidents or injuries to persons therefrom. This statement of the substance, general tenor and legal effect of the ordinance is sufficient to withstand attack by a general demurrer. [Moberly v. Hogan, 131 Mo. l. c. 25.]

If such ordinances are admissible in evidence without being pleaded at all, when not relied on as a rule of conduct, it is hard to see why they are not sufficiently pleaded when their substance, general tenor and legal effect is set out, with a specific reference to the section, article and chapter of the revised ordinance wherein the particular provision can be found.

Speaking for myself alone, my views have not changed in the least, and I am still of opinion that such ordinances do not constitute a rule of conduct binding third persons *inter sese,* but are mere police regulations carrying their own punishment for their violation, and that punishment a fine, and that they are not admissible in evidence at all in an action based upon common-law negligence, for no utterance of a municipal assembly can be *evidence* of common-law negligence. But as the majority of this court, in Banc, holds otherwise, as to such ordinance affording the basis for a civil action, the proper administration of the law requires that such decision shall be obeyed and followed by all the members of the court until the court otherwise rules. Therefore, in deference to

duty, but contrary to my convictions of the true law, it must be held in this case that the petition stated a good cause of action and that the circuit court erred in sustaining the demurrer thereto.

The subcontention of the defendant that even if this be true as a general proposition, it is not true in this case, because the ordinance pleaded only applies to hatchways, etc., that are in the inside of a house, and not to hatchways that are outside of the house, but in a yard used in common by all the tenants occupying the several parts of the house separately, is untenable, for the reason that the petition alleges that the ordinance applies to such hatchways as are described in the petition, and the demurrer admits this fact so pleaded. It may not be true in fact, and when offered in evidence the ordinance may not so provide, but in this state of the pleadings it must be treated as if the ordinance applied to hatchways of the character of this one.

For these reasons the judgment of the circuit court is reversed and the cause remanded to be proceeded with in conformity herewith.    All concur.