MINNIE A. CASSADAY, Respondent, v. KANSAS
CITY, Appellant.

Kansas City Court of Appeals, June 18, 1906.

1. **MUNICIPAL CORPORATIONS: Defective Sidewalks: Knowl-edge: Presumption: Instruction.** Where a plaintiff knows that a sidewalk is defective, she has no right to have the jury told of her right to presume the walk is safe, but where she simply knows that a stone is loose but is ignorant of the hole there-under which causes the injury, the instruction is still proper.

2. ———: ———: **Evidence: Instruction.** Instruction held to furnish the jury a proper and full understanding of the case from the standpoint of both parties and certain objections are held hypercritical.

3. ———: ———: **Verdict.** The verdict for four hundred dollars held not excessive.

Appeal from Jackson Circuit Court. — *Hon. James H. Slover*, Judge.

AFFIRMED.

*Edwin C. Meservey*, City Counselor, and *W. H. H. Piatt*, Associate City Counselor, for appellant.

(1) One has no right to presume a fact, which he knows, or has reason to know, does not exist. Roddy v. Railroad, 104 Mo. 250; Brannock v. Elmore, 114 Mo. 55; Nixon v. Railroad, 141 Mo. 439; Perrette v. Kansas City, 162 Mo. 249. (2) Instructions requiring a "fair preponderance" or "preponderance to the reasonable sat-isfaction" are erroneous. Grant v. Rowe, 83 Mo. App. 560; Smith v. Witton, 69 Mo. 458; Kirchner v. Collins, 152 Mo. 397; State to use v. Samuels, 28 Mo. App. 649; Grant v. Railroad, 25 Mo. App. 227; Wheat v. St. Louis, 179 Mo. 572; Coffey v. Carthage, 186 Mo. 585; Klamp v. Rodewall, 19 Mo. 450; Frank v. Railway, 57 Mo. App. 181; Dunn v. Dunnaker, 87 Mo. 597; Crole v.

Thomas, 17 Mo. 329. (3) The verdict should be based upon the injuries sustained, and not upon the ability of the defendant to respond in damages. 8 Am. and Eng. Ency. Law (2 Ed.), 542.

*E. W. Shannon* for respondent.

(1) This was a solid artificial stone sidewalk and was supposed to be constructed with a perfectly solid and firm foundation; there was nothing to indicate to a pedestrian that the ground was not solid under this loose stone block. The place of the accident was extensively used by pedestrians. Under such circumstances the city was guilty of gross negligence in allowing the sidewalk to be in a dangerous condition caused by its own officers for a single day or for even a few hours, and plaintiff had a right to assume that the walk was in a reasonably safe condition, and that she could step on a stone sidewalk without one of the hexagon blocks tipping down and precipating her into a hole under the sidewalk. Caton v. Sedalia, 62 Mo. App. 227; Coleman v. Maryville, 67 Mo. App. 343; Roe v. Kansas City, 100 Mo. 190; McCormick v. Munroe, 64 Mo. App. 197; Holloway v. Kansas City, 184 Mo. 30; Campbell v. Stanberry, 105 Mo. App. 56; Beauvais v. St. Louis, 169 Mo. 500; Baker v. Independence, 106 Mo. App. 507. (4) The instructions presented the issues fairly and another trial could not change the result unless it might be to increase the verdict. Minter v. Bradstreet Co., 174 Mo. 444; Chambers v. Chester, 172 Mo. 461; Reno v. St. Joseph, 169 Mo. 658.

ELLISON, J.—Plaintiff received injury to her leg by stepping into a hole on one of defendant's sidewalks. She recovered judgment therefor in the circuit court.

It appears that the sidewalk at the place in question was paved with artificial stone blocks. That in excavat-

ing near the walk and partly under it around a meter, the city left a hole filled with frozen lumps of dirt. One of these paving blocks and perhaps half of another were placed over the dirt or partly over it. When the dirt melted and settled down, it left a hole under the walk. The block was noticed to be loose, though the hole under it was not easily observed. Plaintiff in passing over the walk stepped on this block, when it tipped and let her leg into the hole inflicting the injuries of which complaint is made.

The court instructed the jury on plaintiff's right to assume that the walk was reasonably safe for travel. The point is made against such instruction, not that it is erroneous in a proper case, but that it is wrong in this case from the fact, as defendant insists, that plaintiff knew the defective place; and that she had no right to have the jury told of her right to presume a condition to exist when she knew to the contrary. That is a true statement of law. [Brannock v. Elmore, 114 Mo. 64, 65.] That, as stated by Judge Burgess in Perrette v. Kansas City, 162 Mo. 249, "would be the indulgence of a presumption over an absolute fact and is illogical." But in this case the plaintiff, while admitting she had noticed the place — that is, the loose block — she did not know of the hole under it, and into which it could tip or turn and let her down. [Holloway v. Kansas City, 184 Mo. 19, 29.]

We have examined the entire set of instructions with the aid of defendant's additional brief, which besides replying to plaintiff's points, is an amplification of the defense stated originally, but find that, considering the clear statement of the defendant's duty while walking along the sidewalk at the place in controversy, which is contained in its instructions, there is no reasonable foundation for the belief that the jury did not have a proper and full understanding of the case from the standpoint taken by either party. We think the objections made to plaintiff's instructions numbered 3, 4 and

5, are hypercritical.   There is nothing in them to mislead or confuse, and we believe, when connected with those of defendant, the jury, as just stated, got a fair insight into all the issues.

The verdict was for $400, and it is attacked as being excessive.   Manifestly, it is not excessive, considering the injury as the evidence in plaintiff's behalf tends to show it to be.   There are some things shown in the case and suggested by counsel which gives the case in plaintiff's behalf not the best appearance, and these, doubtless, have discredited her with the city officials, but we have the verdict of the jury on the case guided by the law properly laid down and so can only affirm the judgment.   All concur.