RAYMOND MEHAN, by Next Friend, v. CITY OF ST. LOUIS et al., Appellants.

Division One, February 25, 1909.

1. **NEGLIGENCE: Failure to Enforce Police Regulation.** A city cannot be held liable in damages for injuries to private persons resulting from a failure to enforce its police regulations providing for the prevention or abatement of nuisances. So that where a boy was injured by falling upon nails protruding from loose boards that had been left in an alley and sued the city for damages, it is not proper to admit in evidence an ordinance that makes it unlawful for any person to place in a public alley nails or other substance whereby persons might be in-

jured, and declaring such conduct to be a misdemeanor, nor an ordinance requiring a red lantern to be displayed during the whole of every night at each end of every pile of material in any alley.

2. ————: No Action Under Ordinance: Action at Common Law. Although plaintiff's cause of action for damages for personal injuries is apparently bottomed on a violation of city ordinances, and the petition, therefore, since they are police regulations, does not state a cause of action in that respect, yet if all reference to the ordinance be eliminated from the petition and there remain the allegations that the defendant is a municipal corporation having charge of the streets and alleys therein; that the alley in question was located within the city limits, and was largely traveled by pedestrians by day and by night; that the defendant construction company, under and by authority of the city, placed piles of boards and lumber in the alley, in which there were protruding nails; and that plaintiff while passing along the alley in the night time, when the same was not lighted, stumbled and fell over the obstructions so placed there, and against the nails therein, in consequence of which he was injured, the petition states a good cause of action at common law, charging negligence in general terms, which is sufficient in the absence of a motion to make more definite and specific.

3. ————: Obstruction in Street: Notice: Pleading. Where the city grants permission for an act to be done in the street, it is chargeable with notice of the performance of that act, and the party who performs the act is not entitled to notice. The petition, therefore, need not charge that either the city or contractor had notice that a contractor, acting under its authority, had placed an obstruction in the street.

Appeal from St. Louis City Circuit Court.—*Hon. Matt. G. Reynolds,* Judge.

AFFIRMED.

*Charles W. Bates, Benjamin H. Charles, Bernard Greensfelder, Watts, Williams & Dines* and *Wm. R. Gentry* for appellants.

(1) The petition fails to state any cause of action. In charging the defendant city with negligence in not enforcing the ordinances pleaded, the petition states no cause of action. A municipal corpora-

tion is not liable for failure to enforce its police regulations.   Kiley v. Kansas City, 87 Mo. 103; Moran v. Pullman, 134 Mo. 651; Harman v. St. Louis, 137 Mo. 500; Butz v. Kavanaugh, 137 Mo. 510; Sallee v. St. Louis, 152 Mo. 621; Loth v. Columbia, 197 Mo. 358. (a) The ruling of the court which resulted in the non-suit was correct, because the petition itself, when properly analyzed, is based solely upon alleged negligence of the city in failing to enforce two police ordinances, which are set out in the petition.   (b) If the petition could fairly be construed as charging, or attempting to charge, common-law negligence, it would be fatally defective in not alleging constructive notice long enough before the accident to have given the city a reasonable time for learning of the existence of the plank with nails in it, and thereafter to have removed it.   (2) Plaintiff cannot recover upon any act of negligence not pleaded, even if it be such that if properly pleaded it would have afforded a cause of action.   Hesselbach v. St. Louis, 179 Mo. 523; Mc-Carty v. Rood, 144 Mo. 397; Chitty v. Railroad, 148 Mo. 64; McManamee v. Railroad, 135 Mo. 440; Cole v. Armour, 154 Mo. 333; Yall v. Gillham, 187 Mo. 409. The petition does not count on a single, loose board with nails in it; the negligence charged is with respect to "material," and a "pile" without lights, in violation of a police regulation.   (3) A temporary use of a portion of a highway for materials in making improvements or carrying on business, is a lawful use. Hesselbach v. City, 179 Mo. 523; Christman v. Meierhofer, 116 Mo. App. 51; Columbus v. Penrod, 73 Oh. St. 209, 3 L. R. A. (N. S.) 386.

*Sterling P. Bond* for respondent.

(1) The petition states a cause of action at common law.   The defendants knew, or, by the exercise of ordinary care, could have known, the condition of the alley in time to have prevented the injury. Nor-

ton v. Kramer, 180 Mo. 539; Straub v. St. Louis, 175 Mo. 413; Maus v. Springfield, 101 Mo. 617; Bonine v. City of Richmond, 75 Mo. 439; McKissack v. St. Louis, 154 Mo. 599; Carrington v. St. Louis, 89 Mo. 213. (2) The petition added a cause under section 925 of the General Ordinances of St. Louis. Frank v. St. Louis, 110 Mo. 522; Haniford v. City of Kansas, 103 Mo. 174. We cite this last decision as authority for two purposes: 1st. Notice need not be shown where the defect from which damage results has been produced by acts done with express sanction of the city of St. Louis. 2nd. For the purpose of pointing out the error of the court in excluding the ordinance pleaded, showing that no red lanterns were placed on the material in the alley.

WOODSON, J.—This suit was instituted to recover damages for personal injuries sustained by Raymond Mehan, a minor, by his next friend, which injuries were caused by the alleged negligence of the defendants. At the trial plaintiff suffered a nonsuit, and filed a motion to set same aside, which was by the court sustained. From the order sustaining that motion defendants appealed to this court.

The petition upon which the case was tried (which for convenience I have divided in six paragraphs) after stating certain formal proceedings regarding the appointment of the next friend and the incorporation of the defendants, in substance, charged:

1st. That the defendant city "owned, used, dedicated and accepted certain public alleys and thoroughfares in the said city of St. Louis, which the public continually used for a long period, to-wit, twenty years, prior to and at the time of the injuries as hereinafter mentioned. That among such public alleys and thoroughfares said city owned, used, dedicated and accepted, was and is a certain public alley or thoroughfare, leading from Easton avenue to Leonard avenue in said

city, which adjoins the Fire Engine House No. 17 in said city of St. Louis, Missouri. That said public alley, or thoroughfare, and real estate upon which said engine house stands, was deeded to said city of St. Louis on May 14, 1872, and the deed thereto was accepted and recorded by the city of St. Louis, June 22, 1872.

2nd. "Plaintiff states that on or about the 16th day of November, 1903, the defendants, their agents, representatives and servants negligently and carelessly obstructed and allowed said public alley, or thoroughfare, to be obstructed with material, lumber and flooring which had nails or pieces of iron attached and penetrating said material, lumber or flooring, to be cast or placed in said public alley, or thoroughfare, and that plaintiff on the night of November 16, 1903, while passing along and over said public alley, or thoroughfare, which was used by pedestrians at all hours of the day, was caused to stumble and fall upon the said material, lumber and flooring thereby causing the nails or pieces of iron attached to said lumber, material and flooring to penetrate his hand and ankle, whereby he was permanently injured.

3d. "Plaintiff states that defendants, their agents, representatives and servants knew or by the exercise of ordinary care would have known that said material, lumber and flooring, with nails or pieces of iron penetrating and protruding from same, were placed and allowed to remain in said alley or thoroughfare.

4th. "Plaintiff further states that the defendants, their agents, representatives and servants in so unlawfully and negligently obstructing and allowing said public alley or thoroughfare to be obstructed with material, lumber and flooring with nails or pieces of iron penetrating and protruding therefrom was and is in violation of section 1524, article 55, chapter 18, of the Muni-

cipal Code of the city of St. Louis, Ordinance 19991, approved April 3, 1900. [Making it unlawful 'for any person to cast or place on the public streets, alleys or thoroughfares any . . . nails . . . . or any substance whereby horses or mules or other quadrupeds or persons or vehicles may be injured.']

5th. "Plaintiff further states that it was at night when the injuries herein mentioned were inflicted upon him; and that the defendants, their agents and servants failed and neglected to place red lighted lanterns on the pile or piles of material in said alley, thereby violating Ordinance 19991, section 925 of article 2 of chapter 12 of the Municipal Code of the city of St. Louis, approved April 3, 1900. [Requiring 'red lanterns' to be displayed 'during the whole of every night at each end of every pile of material in any street or alley.' "]

6th. "Plaintiff states that by reason of the negligence and carelessness of the defendants the city of St. Louis and the Baerveldt Construction Company, their agents, representatives and servants, as above set forth, he has been permanently injured," etc., in the sum of ten thousand dollars.

The record discloses that the place where the injury occurred was in a twelve-foot alley alongside the fire engine house No. 17, belonging to the defendant city, several miles removed from the business center. The alley was about one hundred and twenty feet in length and was quite extensively used by pedestrians in going from Easton to Leonard avenues, which were located in the northwest portion of the city.

The plaintiff was about twelve years of age, and had been a newsboy for several years, and had lived in the vicinity of the accident, and had, with others, been in the custom of using said alley. The injury occurred about eight o'clock p. m., and plaintiff's testimony tended to show the alley was not lighted but was so dark that he could not see the obstructions which caused

his injury; that he was walking up the center of the alley from Leonard to Easton avenues when injured. That prior to and on the day of the injury, about nine o'clock a. m., the city had caused the floor of the engine house to be removed and the boards and timbers taken therefrom, with nails driven in and protruding therefrom, to be placed in the alley along the side of the house, some of which were left scattered over the alley, all of which was done by the defendant construction company, under the authority and direction of the agents and officers of the defendant city; that in passing along said alley at said time the plaintiff stumbled and fell over the loose boards, and in falling struck one hand and one of his ankles against some of the nails which were protruding from said boards and timbers; and in consequence thereof sustained serious and painful injuries.

Upon the other hand the testimony of the defendants tended to show that the board over which the plaintiff stumbled was one which had been placed in the alley during the day, but just at what time their evidence fails to show. Along with other planks and timbers it had been taken out of the engine house by the employees of the defendant Baerveldt Construction Company, which company had on that very day begun to carry out a contract with the defendant city to make certain repairs in the engine house. These consisted of taking up an old wooden flooring and laying granitoid in its place. The work was begun in the morning. As the boards and timbers were loosened they were taken out and piled in a wide, thirty-foot space in front of the engine house, and also at or in the mouth of the adjoining alley. That the loose boards were carted away by about five-thirty o'clock in the afternoon. The larger timbers were laid farther back in the alley, under or near the second window from the front of the building. They were piled in a regular pile two or three feet high and three feet wide.

The lights in the engine house consisted of incandescent electric lamps around the walls and a cluster of six lamps hung from the ceiling, which was about twelve feet high, directly opposite the second window above referred to. The height of the window was such that the light from the cluster of lamps fell out in the alley.

Plaintiff offered in evidence sections 925 and 1524 of the general ordinances pleaded in the petition. Those sections so far as material here were as follows:

"Sec. 925. *Extent of occupation of street and sidewalks*: . . . . Red lanterns shall be displayed and maintained during the whole of every night at each end of every pile of material in any street or alley and at each end of every excavation. . . . ."

"Section 1524. *Substances injurious to animals not to be thrown on streets—penalty.* It shall be unlawful for any person to cast or place on the public streets, alleys or thoroughfares any stone, glass, iron, nails, wire or other metal or other substance whereby horses or mules or other quadrupeds or persons or vehicles may be injured. Any person violating the provisions of this section shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined not less than five nor more than fifty dollars for each and every offense."

On objections made by the defendants the court excluded this evidence, the city's objections being that these ordinances were immaterial; that the city could not be held liable for negligence to enforce mere police regulations; and that plaintiff had not proven that the city had notice, actual or constructive, of the condition complained of in the petition.

At the close of plaintiff's case the court gave peremptory instructions asked by the defendants separately, and the plaintiff chose to take a nonsuit with leave. As above stated, the defendants are now ap-

pealing from the order of court setting aside the nonsuit and granting the plaintiff a new trial.

I.   This record presents four legal propositions for determination.

FIRST.  Did the trial court err in excluding the ordinances mentioned in the statement prohibiting obstructions being placed in the streets and alleys, and requiring lights to be placed at each end of all obstructions placed in the streets and alleys by the city? and

SECOND.   Does the petition state a good cause of action against the appellant at common law, independent of the allegations thereof regarding the requirements of said ordinances?

The record shows that the court excluded the ordinances, first, because the city could not be held liable for injuries sustained in consequence of its failure to enforce the ordinances, which were mere police regulations; and, second, because the city had no actual or constructive notice of the existence of the obstructions in the alley in time to have removed them prior to the time the injury occurred.

The action of the court in excluding the ordinances was proper.  The law of this State is well settled that a city cannot be held responsible for injuries to private persons resulting from a failure to enforce its police regulations, which provide for the prevention and abatement of nuisances.  [Butz v. Cavanaugh, 137 Mo. l. c. 510.]

In the case of Harman v. St. Louis, 137 Mo. l. c. 499, 500, in discussing this question, this court said:

"The judgment of the court upon the demurrer as to the city of St. Louis was obviously correct.  The idea that because the city of St. Louis has the right by virtue of its authority to make by-laws and pass ordinances relating to the public safety of its inhabitants, and has exercised that right by passing an ordinance prohibiting structures of a certain character to

be built within certain districts therein defined, therefore it must enforce the observance of said ordinances at the hazard of being subject to all damages which may ensue from its violation, is certainly as novel as it is startling. While it is the duty of the city, as of all governments, to protect and preserve the rights of her citizens, as far as possible, and to provide and pass all needful laws and ordinances looking to that end and having those objects in view, the government does not guarantee to its citizens freedom from injury by the non-observance, or by the positive infraction, of those laws or ordinances. If the city is to be held liable for the violated ordinance pleaded in this case, or for its non-enforcement, or for its failure to punish the violators, then every time the ordinances of the city prohibiting drunkenness on the streets are violated and an injury should befall a citizen by reason thereof, it would be liable for all damages occasioned thereby; or because it had passed an ordinance, under its police power, prohibiting the conveyance of high explosives at certain times of day in certain of its crowded streets, except in a certain approved way designated in the ordinances, and failed to enforce it against some lurking dynamiter for carrying a shell upon the prohibited streets and into some populous gathering where same was exploded, killing several of its citizens, the city would be liable in damages for all the consequences of the act because its officers had failed to discover the offender and to enforce the ordinance by staying the course of the miscreant before he reached the fated crowd, upon whom he perpetrated his mischief. And so for the neglect to enforce any or all of its police, health, and general welfare ordinances, thus becoming a gigantic insurance corporation, for all its citizens or those coming within its limits, against all the casualties incident to humanity or civil society.''

And in Moran v. Pullman Car Co., 134 Mo. l. c. 651, this court used this language: ''In the third place,

a city is not liable for damages resulting from a failure to enforce such police regulations as are the ordinances in question. [15 Am. and Eng. Ency. of Law, 1154 and note 3, and cases cited.]"

And in the case of Sallee v. St. Louis, 152 Mo. l. c. 621, 622, we stated the law as follows: "The defendant's objection to the admission of the ordinance in evidence should have been sustained. There was one section of the ordinance, that one making it the duty of the contractor to remove the dead animal within six hours of daylight after being notified, was competent for one purpose, that is, as bearing on the question as to a reasonable time within which the city should cause the nuisance to be removed. But all the rest of the ordinance was irrelevant to the case. If the city was not otherwise liable to the plaintiff for the injuries complained of, the ordinance did not make it so. A municipal corporation cannot be held liable in a civil suit for failure to enforce an enactment of its own, made in the legislative capacity, having reference to the exercise of its police powers. [Harman v. St. Louis, 137 Mo. 494; Butz v. Cavanaugh, Ib. 503.]"

The last expression of this court regarding the proposition under consideration to which our attention has been called is found in the case of Loth v. Columbia Theatre Co., 197 Mo. l. c. 358, which cites the case before mentioned and confirms the rule there announced.

Se we must, therefore, hold that the court properly excluded the ordinances.

II. Counsel for appellant next insists that respondent's cause of action as stated is bottomed upon the alleged violation of the ordinances set forth in the petition; and that the city not being liable for damages to private persons for injuries received in consequence of its failure to enforce those ordinances, as shown in paragraph one of the opinion, the plain-

tiff cannot recover, and that the action of the court in sustaining the demurrer was proper, and, consequently, that the granting the new trial was therefore erroneous. In reply to that insistence, counsel for respondent contends that the petition states a good cause of action under the common law against each of the appellants.

If we strike out and eliminate the ordinances from paragraphs four and five of the petition, still we have a perfect cause of action stated in the remaining allegations. They charge that the city was a municipal corporation having charge of the streets and alleys therein; that the alley in question was located within the city limits, and was largely traveled by pedestrians by day and at night; that the construction company, under and by authority of the city, placed the obstructions complained of in the alley, and that the plaintiff while passing along the alley in the nighttime, without the same being lighted, stumbled and fell over the obstructions so placed there, and in consequence thereof he was injured. But suppose all of paragraphs four and five are stricken out, still the petition charges negligence in general terms, which is sufficient in the absence of a motion to make more definite and certain, and especially is that true after verdict. [LeMay v. Railroad, 105 Mo. 361.]

The petition also stated that defendants had notice of the existence of the obstructions in the alley, or that by the exercise of ordinary care they could have discovered it in time to have removed it before the accident occurred. The petition also states a good cause of action without the last allegation mentioned, for the reason that where the city grants permission for an act to be done in the street, then the law charges it with notice of everything which is done in pursuance to that notice, and, of course, the party who performs the act is not entitled to notice, for the obvious reason that he has actual knowledge thereof.

That rule is sustained by the common sense of the situation, and by an unbroken line of authority in both this and other States. [Merritt v. Kinloch Telephone Co., 215 Mo. 299.]

We must, therefore, hold the petition states a good cause of action at common law.

III. Appellant also contends that the evidence was not sufficient to carry the case to the jury. We are unable to concur in that view of the evidence. After reading the entire record we are clearly of the opinion that the testimony on the part of the respondent tended to prove all of the allegations of the petition, except the 4th and 5th paragraphs thereof, which were, as before held, surplusage and did not effect the cause of action stated in the remaining paragraphs.

IV. Counsel for appellant construction company contends that there is no evidence which tends to show that it was in any manner responsible for the injury.

The evidence is uncontradicted that this appellant made the repairs and placed the boards and timbers in the alley. And it offered testimony tending to show that it piled the same up along the side of the building and did not place any of it out in the alley. The boards were found out in the alley a few hours after the construction company left the place, and the record fails to show that any one else disturbed or moved any of them. The jury were not compelled to believe this appellant's testimony in that regard, but they had the right to consider and weigh all the evidence together, and determine therefrom whether the construction company placed the boards in the street, or whether some one else did so.

We are, therefore, of the opinion that the judgment should be affirmed, and it is so ordered.

All concur.