MILBURN v. THE KANSAS CITY, ST. JOSEPH & COUNCIL BLUFFS RAILROAD COMPANY, *Appellant.*

1. **Negligence.** Where, in an action founded on the negligence of defendant, plaintiff's evidence shows that his own negligence directly contributed to produce the injury, he disproves the case alleged, and cannot recover.

2. **Railroad : KILLING STOCK : PUBLIC CROSSING.** In an action against a railroad for the negligent killing of plaintiff's cows by its trains, on a public crossing, mere proof that the speed of the trains was not checked, and that the cattle could have been seen eighty rods off, does not establish defendant's negligence.

3. ——— : ——— : NEGLIGENCE OF OWNER. Where the owner of cattle sees them in danger on a railroad track, and can, by reasonable exertion, get them off, he is bound to do so, and if he does not, and they are injured by a passing train, he cannot recover. The owner, in such case, has no right to rely upon the performance of the duty which the law imposes on the company of giving warning signals.

*Appeal from Buchanan Circuit Court.*—HON. W. H. SHERMAN, Judge.

REVERSED.

*Strong & Mosman* for appellant.

(1) The court erred in overruling defendant's demurrer to the case made by plaintiff's evidence : (*a*) Because there was no evidence that the engineer saw the cows in time to avoid injuring them by stopping the train. *Yarnall v. Ry. Co.,* 75 Mo. 583 ; *Frick v. Ry. Co.,* 75 Mo. 608 ; *Zimmerman v. Ry. Co.,* 71 Mo. 484. (*b*) Because there was no evidence from which the jury could rationally infer that the failure of the engineer to see the cows in time, if he did so fail, was a negligent failure. *Smith v. H. & St. J. Ry. Co.,* 37 Mo. 287 ; *Bemis v. Ry. Co.,* 42 Vt. 375 ; *Price v. Ry. Co.,* 31

N. J. 238; *Darling v. Ry. Co.*, 121 Mass. 118. (*c*) Be-
cause the law did not require the engineer to stop his
train even if he saw the cows, in order to avoid injury
to them, and negligence cannot be predicated from the
single fact that he failed to check or stop the train. He
was only required to use ordinary care to avoid injuring
them, by which is meant the use of such means as, in
the experience of careful engineers, have been generally
found to be sufficient, in preventing contact with them.
*Bemis case*, 42 Vt. 375; *Little Rock v. Railroad*, 37
Ark. 593; *Smith v. Railroad*, 34 Ia. 506; *Price v. Rail-
road*, 31 N. J. L. 238; *Price v. Railroad*, 32 N. J. L.
19; *Bell v. Railroad*, 72 Mo. 50; *Gumz v. Railroad*, 52
Wis. 672; *McCandless v. Ry. Co.*, 45 Wis. 365.
(*d*) There was no evidence that it was in the power of
the engineer to stop the train in the distance between
the point where he could have first seen the cows, and
the crossing. (*e*) Because there was not a scintilla of
evidence authorizing the submission of the question of
negligence to the jury. *Darling v. Railroad*, 121 Mass.
118; *McCandless v. Ry. Co.*, 45 Wis. 365. The de-
murrer should have been sustained, because the plain-
tiff's own testimony showed that his negligence directly
contributed to occasion the injury to his cows. *Grubble
v. Sioux City*, 38 Ia. 390; *Lawrence v. Ry. Co.*, 42 Wis.
322; *Bennett v. Ry. Co.*, 19 Wis. 145; *Mich. Southern
v. Fisher*, 27 Ind. 96; *Jeffersonville, etc., v. Huber*, 42
Ind. 173; *Jeffersonville, etc., v. Adams*, 43 Ind. 402;
*Cinn. Ry. Co. v. Street*, 50 Ind. 225; *Pitzner v. Schin-
nick*, 39 Wis. 129; *B. & M. Co. v. Wendt*, 12 Neb. 80;
*Railroad v. Phillipi*, 20 Kas. 9; *Clark v. Railroad*,
11 Barb. 112; *Smith v. Railroad*, 34 Ia. 506: *Curry v.
Railroad*, 43 Wis. 684; *Callahan v. Warne*, 40 Mo. 131.

*A. H. Vories* for respondent.

(1) The defendant was liable if plaintiff's cows

were on the crossing when the trains came in sight, and the servants of defendant could have seen them, by the exercise of reasonable care and diligence, in time to avoid running on said stock without endangering passengers or trains. The measure of defendant's liability does not depend on the fact whether the employes of defendant actually saw the cows in time to avoid the injury. Plaintiff's second and third instructions were based on the evidence and pleadings, and declared the law properly, except the latter part of the second, added by the court, as to failure to ring the bell or blow the whistle not being negligence. But plaintiff does not complain of that now. *Porter v. H. & St. J. Ry. Co.*, 71 Mo. 78; *Burnham v. St. L., I. M. & S. Ry. Co.*, 56 Mo. 342; *Clardy v. Same*, 73 Mo. 576; *Harlan v. St. L., K. C. & N. Ry. Co.*, 65 Mo. 22; *Pryor v. St. L., K. C. & N. Ry. Co.*, 69 Mo. 215; *Bell v. H. & St. J. Ry. Co.*, 72 Mo. 54. (2) Defendant, from the pleadings in the case, was in no condition to raise any question of contributory negligence of plaintiff. It was necessary, if it relied on such negligence to set it up in the answer. Plaintiff did not aver in his petition anything to release defendant from such plea. *Karle v. K. C., St. J. & C. B. Ry. Co.*, 55 Mo. 482. (3) Plaintiff did not directly contribute to the injury by his own negligence. His testimony shows that he did not have time to drive his cow off the crossing before she was struck by the train; and even if he had time to do so, his failure to do it did not contribute directly, but only remotely, to the injury, and whether plaintiff's negligence was the proximate cause of the injury, was a question for the jury. *Price v. Railroad*, 72 Mo. 419. If plaintiff only remotely contributed to the injury, and the employes of defendant were the direct and immediate cause thereof, and might have prevented it by prudence and care, the defendant was liable. *Burham v. St. L. & I. M. Ry. Co.*, 56 Mo. 338; *Schaabs v. Woodburn Sarven Wheel Co.*, 56 Mo.

173; *Morrissey v. Wiggins Ferry Co.*, 43 Mo. 384; *Hullsenkamp v. Citizens' Ry. Co.*, 37 Mo. 537; *Liddy v. St. Louis Ry. Co.*, 40 Mo. 506. There was no herding of plaintiff's cattle on the track. The cattle had a right to be on the public-road, and the crossing was a public one.

HENRY, C. J.—This action is to recover the value of two cows killed by defendant's train of cars at a public crossing. Plaintiff had judgment, from which defendant has appealed. The petition contains two counts, one for killing a cow on the fourteenth, and the other for killing a cow on the twenty-third of June, 1881. The killing of the cow on the fourteenth occurred about sundown, and the other in the forenoon of the twenty-third, about nine o'clock. Both cows were killed by regular passenger trains.

The evidence for plaintiff tended to prove that the cows could have been seen, by one on the engine, from the whistling post south of the crossing, and at any point between that post and the crossing, a distance of eighty rods. That both trains were going north and running very fast, and in neither instance was the speed of the train checked. Plaintiff also testified that on the fourteenth of June, 1881, he walked into his field and saw the cow standing on the crossing two hundred yards from him. That he started off across his field, and went twenty or thirty rods and came back to the place he started from, and the cow was still standing on the crossing. This was about five or six o'clock. That when he got back to the place he started from he heard the train, which was the regular evening passenger train. He testified, as to the cow killed on the twenty-third, that he was about two hundred yards from the crossing, and saw the cow on it, and a few minutes after saw the train coming north, about one-half mile off, about 9 o'clock, A. M. That he stood and looked at the cow. That his boys were ploughing about half-way between him and the cow. His son testified that he was

ploughing in the field the day the first cow was killed, and was one hundred yards from her. Saw her standing on the track for nearly a half hour before the train struck her. That he was standing still when the train struck her. That his father's cattle habitually stood on the crossing when they came home at night.

Gharkey, for plaintiff, testified that he was at Milburn's house when the cow was killed on the fourteenth; that plaintiff was at the house just before it occurred. That witness spoke of the cow being on the crossing in plaintiff's hearing. He, plaintiff, then went north into the field from the house, to a point nearly west of the crossing. "It was a good little bit after that till the cow was killed."

Defendant asked an instruction in the nature of a demurrer to the evidence, which was overruled. This is a peculiar case. The plaintiff's cattle habitually stood upon this crossing in the evening. He saw both cows on the crossing before they were killed. When the first one was killed his attention was called to the fact that she was on the crossing a little before the train going north was due. He was then at his house in a south-westerly direction from the crossing, and instead of going toward the crossing, he went north to a point west of the crossing. His own testimony shows that if he had made such an effort as a prudent man, desiring to save the cow, would have made, he could have driven her from the crossing before the train reached it. He made no effort whatever to get her off of the track. From the point where he first saw the cow he walked a distance, in going and returning to it, greater than the distance the cow was from that point, and when he returned she was still on the crossing. This is his own testimony, and he states no emergency to prevent his going to the cow. With respect to the second cow he was two hundred yards from her when he first saw her on the crossing, and a few minutes after he heard the train coming. His boys were midway between him and

the cow, and he neither made any effort to drive her off, nor ordered his boys to do so, although he and they knew that the train was then nearly due at that point.

Contributory negligence was not pleaded, but when the plaintiff, in making out his case, clearly establishes that the injury he complains of was as much the result of his own negligence as that of the party of whose negligence he complains, can he recover? The ground of his complaint is that the injury was occasioned by the negligence of the defendant, and if his proof shows that his own negligence directly contributes to produce the injury, he disproves the case alleged. *Buesching v. Gas. Co.*, 73 Mo. 229. If the cows were killed intentionally a different question would be presented, but while the petition alleges that they were killed carelessly, recklessly, and wilfully, there is no evidence of a wilful killing, and three members of the court, Sherwood and Black, JJ., and myself, are of the opinion that plaintiff failed to make proof of negligence against the company. For aught that appears the whistle was sounded, and the bell rung on the engine to frighten the cattle from the track. Plaintiff offered no proof that this statutory duty was not performed by the train men. If they failed to make use of those signals of warning, it was negligence, but it was for plaintiff to prove such negligence. It was not a fact peculiarly within the knowledge of the train men. Proof that the speed of the train was not checked, and that the cattle could have been seen eighty rods off, does not establish negligence. It is not shown that they were seen, or, if not, that it was owing to the negligence of the train men. But, be this as it may, and even conceding that there was ample proof of negligence against the defendant, yet it is but negligence against negligence, and where both parties are guilty of negligence contributing directly to produce the injury, there can be no recovery.

Apart from the mere pecuniary interests involved, did the plaintiff owe no duty to the men, women and children crowded in passenger cars of a railroad train, which was in danger of being wrecked by running over cattle or other obstructions on the road. Is such conduct of a citizen, as that of which plaintiff proved himself guilty on two occasions, to receive the sanction of the courts? How would the case look if the train had been wrecked, and passengers killed or seriously injured, by running over plaintiff's cows, and he had sued for damages? How much less culpable is he who sees an obstruction on a railroad track, which he could easily remove, but will not, knowing that a train is approaching which may be wrecked by running upon it, than he who placed it there. In law the former is not guilty at all, while he who placed the obstruction on the track is a felon; but in the forum of conscience there is but a shade of difference between their guilt. We are not to be understood as holding it to be the duty of owners of cattle either to confine them, or to keep watch over them to prevent them from going upon railroad tracks, but, only, that when they see their cattle in danger on the track, and can, by reasonable exertions, get them off the track, they are bound to do so, and have no right to rely upon the performance of the duty which the law imposes upon the company, to give warning signals. We have held repeatedly that a human being has no right to rely upon the performance of that duty by train men in passing over a public crossing, but must exercise care in doing so, and if himself negligent, cannot recover damages for an injury he may sustain from a passing train.

The instructions as to plaintiff's contributory negligence very fairly submitted that question to the jury, but the error was in submitting it at all. The case should have been withdrawn from them at the close of plaintiff's testimony. The judgment is reversed. All concur, except Norton, J., who dissents.