LAURA O'NEILL, Appellant, v. CITY OF ST. LOUIS and ANNIE E. TANDY.

Division One, March 14, 1922.

1. **CONTRIBUTORY NEGLIGENCE:** Pleading: General Denial. Where plaintiff's evidence discloses contributory negligence as matter of law, defendant can avail himself of it, by demurrer to the evidence, although there is no plea of contributory negligence in the answer.

2. ———: **Defective Sidewalk: Previous Knowledge: Presumption: Ordinary Care.** Where a pedestrian has previous knowledge that a sidewalk is not reasonably safe, he cannot rely upon the presumption that the city has performed its duty and that the sidewalk is in a reasonably safe condition to be used by the exercise of ordinary care. Under such circumstances, it is his duty to be on the lookout for the dangerous place of which he has knowledge and if, by so doing, he could have avoided the injury, a failure to do so is contributory negligence as a matter of law, precluding recovery.

3. ———: ———: ———: **Case Adjudged.** Plaintiff sued the city and the property owner, in front of whose property there was a defective sidewalk, for injuries received by her by reason of falling upon such sidewalk. The defect was an open uncovered water service box in the middle of the sidewalk, the top of which was flush with the top of the walk, leaving a hole five inches square and two and one-half or three inches deep. This condition had existed for such length of time as to impute notice to the city. Plaintiff testified that she had traveled over this sidewalk two or

three times a week for several years; that she had seen the top off of the box upon several occasions before the accident, and knew that it was off, whenever she looked to see, and, at times, had cautioned her little son not to step into this hole; that she was going to church between 7:45 and eight o'clock on the night of the accident, when she fell; that, had she been looking, there was sufficient light to see and she could have seen the hole in the sidewalk made by the absence of the top of the water service box; that there was snow and ice on parts of the sidewalk and she had walked cautiously until she reached the clear sidewalk in front of defendant property owner's place, when she hastened her pace, and stepped into the hole whilst she was not looking at the sidewalk; that she was alone at the time. *Held*, that upon her own solemn admissions of record, she was guilty of contributory negligence precluding recovery.

Appeal from St. Louis City Circuit Court.—*Hon. Frank Landwehr*, Judge.

AFFIRMED.

*Bert F. Fenn* for appellant.

(1) The court erred in sustaining the demurrer of respondent, city of St. Louis to plaintiff's evidence, and refusing to submit the case to the jury. O'Donnell v. Hannibal, 144 Mo. App. 155; Graney v. St. Louis, 141 Mo. 180; Loewer v. Sedalia, 77 Mo. 431; Glaser v. Rothschild, 221 Mo. 207; Phelan v. Paving Co., 227 Mo. 704; Holloway v. Kansas City, 184 Mo. 29; Finnegan v. Railroad, 244 Mo. 653; Knorpp v. Wagner, 195 Mo. 661; Huff v. Railroad, 213 Mo. 495; 1 Ency. of Evidence, 486; Perette v. Kansas City, 162 Mo. 238; Klockenbrink v. Railroad, 172 Mo. 678; Mockowik v. Railroad, 196 Mo. 550. (2) The court erred in sustaining the demurrer of respondent Annie E. Tandy, to plaintiff's evidence, and refusing to submit the case to the jury. See cases cited above. (3) In passing on a demurrer to the evidence at the close of plaintiff's case, all reasonable inferences are to be drawn in plaintiff's favor. It is not the province of the court to consider the weight of the testimony, but

292 Mo.—42

only its tendency to prove issuable facts, and then only such evidence as is favorable to plaintiff. To such an extent does the rule go that even plaintiff's own testimony may be disregarded, if the testimony of other witnesses entitled her to go to the jury. Finnegan v. Railroad, 244 Mo. 653; Knorpf v. Wagner, 195 Mo. 661; Huff v. Railroad, 213 Mo. 515; 1 Ency. of Evidence, 486; Graney v. St. Louis, 141 Mo. 180; Glaser v. Rothschild, 221 Mo. 207; Holloway v. Kansas City, 184 Mo. 29; Klockenbrink v. Railroad, 172 Mo. 678; Phelan v. Paving Co., 227 Mo. 704; O'Donnell v. City of Hannibal, 144 Mo. App. 155. (4) A traveler on a sidewalk is not bound to keep her eyes constantly fixed on it in search of possible defects, and if her attention is temporarily diverted to look aside, or for any other purposes, she is not as a matter of law guilty of contributory negligence. Graney v. St. Louis, 141 Mo. 180; Glaser v. Rothschild, 221 Mo. 207; Barr v. Kansas City, 105 Mo. 550; Coffee v. Carthage, ·186 Mo. 573; Webb v. Heintz, 97 Pac. 753. (5) It was the duty of the city to keep the sidewalk in a reasonably safe condition for people walking over it, by day and night. Warren v. Independence, 153 Mo. 598; Welsh v. St. Louis, 73 Mo. 73; Russell v. Columbia, 74 Mo. 490; Norton v. St. Louis, 97 Mo. 541; Brennan v. St. Louis, 93 Mo. 486; Roe v. Kansas City, 100 Mo. 190; Franke v. St. Louis, 110 Mo. 521; Flynn v. Neosho, 114 Mo. 572; Vogelsang v. St. Louis, 139 Mo. 135; Perrigo v. St. Louis, 185 Mo. 274; Graney v. St. Louis, 141 Mo. 180. (6) By the exercise of reasonable care the respondent city could have known of the defects complained of in time to have remedied the same prior to the injury complained of. Drake v. Kansas City, 190 Mo. 372; Barr v. Kansas City, 121 Mo. 22; McGaffigan v. Boston, 149 Mass. 289; Benjamin v. Railroad, 133 Mo. 289. (2) The respondent city had ample time and opportunity to have discovered the defective condition of the sidewalk at this point. Drake v. Kansas City, 190 Mo. 372; Mans v. Springfield, 101 Mo. 617; Young v. Webb City, 150 Mo. 340; McKissick v. St. Louis, 154 Mo. 588. (8) The

O'Neill v. St. Louis.

plaintiff has made a prima-facie case when she has shown that there was a dangerous defect in the sidewalk, that the defect had been there a sufficient length of time to give the city constructive notice thereof, if it did not have actual notice of the hole in the sidewalk; and that while plaintiff was walking over said sidewalk, exercising ordinary care for her own safety, she stepped into said hole in the sidewalk and was injured; and under such circumstances she is entitled to have the evidence submitted to the jury under proper instructions. Gannon v. Gas Co., 145 Mo. 502; Brown v. L. & P. Co., 137 Mo. App. 732; Heiberger v. Tel. Co., 133 Mo. App. 459; Ruebsam v. Transit Co., 108 Mo. App. 439; Thompson v. Railroad, 243 Mo. 354; Cooper v. Railroad, 224 Mo. 727; Davidson v. Transit Co., 211 Mo. 360; Mowrey v. Ketting, 204 Mo. 191.

*Henry S. Caulfield, George F. Haid* and *Michael J. Hart* for respondent.

(1) The city is not an insurer of the safety of travelers on the streets. It is not liable unless the sidewalk was in a condition unsafe to be used by persons exercising ordinary care in traveling thereon. Buckley v. Kansas City, 156 Mo. 16; Carvin v. St. Louis, 151 Mo. 334; Baustram v. Young, 115 Mo. 317; Coffey v. Carthage, 186 Mo. 573; Frank v. Free, 175 Mo. 220. (2) The city had the lawful right to build in the street, and at the place it did build, the service box; and the so-called defect was not a defect or obstruction, and was not dangerous to persons exercising ordinary care for their own safety in using the sidewalk. Coffey v. Carthage, 186 Mo. 573; Wheat v. St. Louis, 179 Mo. 572. (3) Where the testimony of plaintiff shows that she is guilty of negligence, she cannot recover. The failure on the part of the plaintiff to avoid the water service box when she knew of its location and that it was dangerous and unsafe, if it was dangerous and unsafe, is negligence as a matter of law, and the court properly sustained the de-

murrer of the defendant, the city of St. Louis, at the close of the plaintiff's case. Sindlinger v. Kansas City, 126 Mo. 315; Hogan v. Railway, 150 Mo. 36, 55; Wheat v. St. Louis, 179 Mo. 572; Ryan v. Kansas City, 232 Mo. 471; Coffey v. Carthage, 186 Mo. 573; McNeill v. Cape Girardeau, 190 S. W. 328; Smith v. Kansas City, 184 S. W. 83, 84; Roberts v. St. Joseph, 185 S. W. 1198; Solomon v. Duncan, 185 S. W. 1141; Waldman v. Const. Co., 233 S. W. 242; Birmingham v. Starr, 112 Ala. 98, 17 L. R. A. (N. S.) 198 N.; Cowie v. Seattle, 4 Mun. Cor. Cas. 417; Cavanaugh v. Land & Imp. Co., 5 A. L. R. 933; Cloney v. Kalamazoo, 4 Mun. Cor. Cas. 640; Hutchins v. Priestly Co., 61 Mich. 252; Davis v. Cable Railroad Co., 105 Cal. 131; Gosport v. Evans, 112 Ind. 135; Church v. Howard City, 111 Mich. 298.

GRAVES, J.—There is but one issue in this case, and a short statement will suffice. The case is one for personal injuries suffered by plaintiff by reason of falling upon an alleged defective sidewalk in front of the property of Annie E. Tandy, known as No. 1224 Bayard Avenue. The fourth amended petition upon which the case was tried makes both Tandy and the city of St. Louis defendants. The petition charges that there was an open water service box in the middle of the sidewalk in front of the Tandy property, the top of which was flush with the top of the sidewalk; that the top of such box was off, and had been for such length of time as to impute notice to the city; that by reason of the top being off of this box there was left a dangerous hole in the sidewalk some five inches square and two and one-half to three inches deep; that in walking over such walk on January 2, 1918, between seven and eight o'clock of the evening of that day she stepped into said hole, and was thrown to the sidewalk, and seriously injured. Other allegations of the petition were sufficient to make the petition state a good cause of action against the defendants. The answer of Tandy was a general denial, and

O'Neill v. St. Louis.

that of the city a general denial and a plea of contributory negligence. Reply a general denial.

Upon a trial before court and jury, the plaintiff and her witnesses testified, and upon the conclusion of plaintiff's case the court sustained demurrers to the plaintiff's evidence as offered by the two defendants, and plaintiff was thereby forced to an involuntary nonsuit. Motion to set aside such nonsuit and reinstate the case was overruled, and judgment entered in favor of both defendants. From such judgment this appeal is taken. Our appellate jurisdiction is invoked by reason of the demand being for damages in the sum of $25,000.

There is liability, unless the contributory negligence of the plaintiff precludes her recovery, and this is the sole issue. Defendant city of St. Louis makes no other contention in the brief. We are not favored with a brief by defendant Tandy. It suffices to say, that plaintiff's witnesses made out a case, unless it be said that the evidence of plaintiff and her witnesses disclosed a case of contributory negligence as a matter of law. This defense must be made by the testimony of the plaintiff alone in a very large measure. But of this later. Such is the issue in the case.

I. Whilst the defendant Tandy has filed no brief, and the case stands simply submitted as to her, yet if the evidence for plaintiff disclosed contributory negligence, she is entitled to an affirmance of the judgment. This is true, although her answer contains no plea of contributory negligence. Where the plaintiff's evidence discloses contributory negligence as a matter of law, the defendant can avail himself of it, by demurrer to the evidence, although there is no plea of contributory negligence in the answer. [Sissel v. Railroad, 214 Mo. l. c. 526-7.]

Contributory Negligence: General Denial.

So in this case, if the plaintiff's evidence discloses a case of contributory negligence, as a matter of law,

defendant Tandy can avail herself of it on her demurrer, although her answer is a simple general denial.

II.    The defendant city of St. Louis, as a supplemental abstract, has printed the full testimony upon cross-examination of the plaintiff. In reading it you will be impressed with the absolute fairness of the witness. She undertakes to hide no fact. The cross-examination is more in detail, but it does not contravene that given by her in chief.

**Evidence of Contributory Negligence.**

By a police officer who lived near the Tandy place, it was shown that during the eleven years of his residence there he never saw a cover on the water service box in front of the Tandy place, until after the accident. He lives just 120 feet south of the Tandy place, but gave no notice to the city.

The plaintiff testified that she was going to church between 7:45 and eight o'clock, when she fell; that she had seen this top off of the box upon several occasions prior to the accident, and knew that it was off, whenever she looked to see; that she traveled this walk two or three times per week in going to church, at about the same hours each time she went in the night; that had she been looking, there was sufficient light to see and she could have seen the hole in the walk made by the absence of this top of the water service box; that she had been going that route to church for several years; that she had cautioned her little son not to step into this hole at times; that on the night of the accident there was snow and ice on parts of the sidewalk, and she had walked cautiously, until she reached the clear sidewalk in front of the Tandy place, when she hastened her pace, and stepped into the hole whilst she was not looking at the sidewalk; that she was alone at the time. This is a brief outline of the facts.

Upon these facts did the court err in ruling that her contributory negligence precluded her recovery? We

think not, and for reasons which we shall assign in the succeeding paragraph.

III. In discussing the matter of contributory negligence, in so far as that doctrine applies to travelers upon the sidewalks of a city, there are two lines of authorities in this as well as in other states. The line of demarkation between the two is clear and distinct. We have in one line of cases the fact that the traveler had previous knowledge of the defect in the sidewalk, and in the other line there is absent the fact of previous knowledge. In the first class of cases the traveler cannot rely upon the presumption that the city has performed its duty, and that the sidewalk is in a reasonably safe condition to be used by the exercise of ordinary care and prudence, because such traveler has knowledge to contrary. With knowledge that the sidewalk is not reasonably safe, he cannot rely upon the legal fiction of a presumption that the city has performed its duty, and that the sidewalk is reasonably safe. With knowledge upon the part of the traveler to the effect that the sidewalk is not reasonably safe, there is no place in the case for the presumption aforesaid. The present case falls within the first class of cases mentioned. Here she knew of the defect, and frankly says that she could have seen it that night had she been on the lookout. She was alone and with nothing to distract her attention. She was simply hurrying to the church. Where there is no knowledge of defects in the sidewalk the rule has thus been succinctly stated; "a traveler in a street has the right to presume, and to act upon the presumption, unless he has knowledge or reasons to believe to the contrary, that the street is in a reasonably safe condition for travel by him *if he uses due care.*" 21 L. R. A. (N. S.) in note on page 621, where all the authorities on this branch of the law are collated. At page 622 of the same authority it is further said: "A person knowing a street or sidewalk to be dangerous has

*Defective Sidewalk: Previous Knowledge.*

no right to assume it to be safe, and act upon that assumption.''

By respondent we are cited to two recent cases from this court. [Ryan v. Kansas City, 232 Mo. 471; Smith v. Kansas City, 184 S. W. 82.] Neither of these cases is upon all-fours with this case, because in each of them the condition of the sidewalk was not previously known by the travelers. They are only material on the general duties of the traveler to exercise ordinary care and prudence in passing over sidewalks. Where the traveler knew of the defects in the sidewalks, ordinary care in his case might be a different care from the ordinary care to be exercised by the traveler who was without such notice. In those two cases (the former by the writer, and the latter by Judge WOODSON), an attempt was made to state the rule as to ordinary care in cases where there 'was no previous knowledge of defects or dangers. In the Smith Case there was an attempt to overrule the Ryan Case, but there was no concurrence in the opinion, except in the result (184 S. W. 1. c. 88) and hence no overruling of the views expressed in Ryan's Case. In such cases (cases where there is no previous knowledge of sidewalk conditions) the learned annotator, in 48 L. R. A. (N. S.) 1. c. 630 says:

''Persons using streets have a right in the absence of knowledge to the contrary, to assume that they are in a safe condition, and to act with reasonable care upon that assumption. [Montgomery v. Bradley, 159 Ala. 230, 48 So. 809; Frazee v. Cedar Rapids, 151 Iowa, 251, 131 N. W. 33; McCormack v. Robin, 126 La. 594, 139 Am. St. 549, 52 So. 779; Bean v. Portland, 109 Me. 467, 84 Atl. 981; Pearll v. Bay City, 174 Mich. 643, 140 N. W. 938.]

''Thus, in Ryan v. Kansas City, 232 Mo. 471, 134 S. W. 566, the court, after reviewing its former decisions as to the right of a pedestrian to assume that the streets of a city are safe, lays down as the correct rule the following: 'The pedestrian cannot be engaged in the study of astronomy and blindly fall into a ditch when the light

of day, or its substitute, arc lights, at night would show the danger, if such there was. Nor does it mean that the pedestrian must keep his eyes riveted upon the sidewalk at each step of his progress. Ordinarily prudent and careful persons do neither. Such persons are not star gazing, nor are they guarding each individual step they take. They do, however, use their senses to see that they do not encounter danger, and this without considering that they may assume that the city has fully performed its duty.' "

The cases cited in this note uphold the views of the Ryan Case, and in 21 L. R. A. (N. S.) 631, a wealth of cases is cited upon the same line. See the headnote to the list of citations, we have quoted, supra. The effect is, that whilst the traveler (without notice of the real conditions) can in a way rely upon the presumption of a reasonably safe condition, he must not fail to exercise due care. In fact the presumption of the way being reasonably safe, means reasonably safe for travel by one who is in the exercise of due care.

But the case at bar is not one where the plaintiff had no knowledge of the defective condition. She admits knowledge, and admits that, if at the time of injury she had been looking, she could have seen and avoided the dangerous place, which was the occasion of her injury. This is her solemn admission of record. In such a case ordinary care would have required her to have been upon a lookout for the dangerous place of which she had knowledge. Her admitted failure constitutes contributory negligence as a matter of law. Under these views the judgment must be affirmed, and it is so ordered. All concur except *James T. Blair, J.,* not sitting.