GRACE E. LITTLE, APPELLEE, v. CITY OF KANSAS CITY MISSOURI, A MUNICIPAL CORPORATION, APPELLANT.—197 S. W. (2d) 1005.

Kansas City Court of Appeals.   Opinion delivered November 18, 1946

*David M. Proctor*, and *Henry Arthur* for appellant.

1008

*Bernard B. Strayer* for respondent.

CAVE, J.—This is an action for damages for personal injuries sustained by plaintiff when she fell upon a defective sidewalk in Kansas City, Missouri. She recovered a judgment below and defendant appealed, contending, first, that its motion for a directed verdict should be sustained because all the evidence discloses that plaintiff was guilty of contributory negligence as a matter of law; and, second, that the evidence shows that the alleged injuries were not the natural and probable consequence of the alleged negligent act of the defendant; that is, the alleged wrongful act of the defendant was not the proximate cause of the injuries.

No point is made concerning the sufficiency of the pleadings, or that proper notice of the accident was not given, or of the amount of the verdict. We will not lengthen the opinion by discussing plaintiff's injuries. There were other defendants named in the petition but the cause was dismissed as to them before trial, and the judgment appealed from is against the City alone.

Plaintiff's evidence is to the effect that on the 4th of April, 1944, at about eleven o'clock, A. M., she was walking in a general easterly direction along and upon the north sidewalk on 47th Street in Kansas City, and that when she reached a certain place directly in front of the entrance of an apartment building known as the Bartleston Apartment at 410 West 47th Street, she caught her foot in a broken part of the sidewalk and fell; she described the sidewalk at this point in this manner: " . . . It was very muchly broken, cracked and rough and uneven, in a terrible shape. . . . It was all broken in a kind of one wide place and rough, very rough, and cracked clear across and raised up, looked to me like three or four inches on the east side of the walk."

Mrs. Shore testified that the broken and uneven place had been in the sidewalk for some three or four years before the time in question and that the difference in the elevation of the sidewalk at that point was two or three inches and quite rough, and that she had stumbled over it on several occasions. It is conceded the sidewalk was repaired within a month or two after the plaintiff fell.

Defendant's evidence was to the effect that the cracked and broken place in the sidewalk was minor and trivial in character Several

witnesses who frequently passed over the place testified in substance that they had not noticed or observed any dangerous place in the sidewalk or any elevation of as much as three or four inches. Photographs of the place were introduced by plaintiff and defendant. From these it is obvious there is a substantial crack extending entirely across the width of the sidewalk. At the south edge the broken, rough and uneven place seems to be twelve to fourteen inches wide, then narrows until it reaches a point approximately in the middle of the sidewalk where there is a broken, rough and uneven place of six to eight inches in width and then the crack narrows as it approaches the north side of the walk. The photographs also indicate that the east edge of the crack was higher than the west edge, but we cannot determine definitely from the photographs the extent of the elevation. Plaintiff testified that she was walking eastward and caught her toe on the elevation and fell to the sidewalk, causing her injury.

We think the evidence is sufficient to submit the issue of the defendant's negligence in maintaining the sidewalk in the condition described by plaintiff's evidence. However, the City contends that the plaintiff was guilty of contributory negligence as a matter of law. This contention is founded on the theory that plaintiff did not use due care in looking where she was going as she walked along the street. On this point her testimony is to the effect that she did not know of the defective condition until she fell; that the day was clear, the sidewalk dry, and that as she walked along she was looking "just straight ahead— . . . just walked straight ahead like I always walk— . . . If I had (seen the crack) I wouldn't have fallen. . . . Q. Did I understand you awhile ago you were looking straight ahead of you? A. Yes, walking, looking straight ahead. . . . Q. You never did look down at the sidewalk, did you? A. No, I never— . . . I just walked around, straight ahead, like I always do. . . . I do have a habit of looking straight ahead all the time."

The defendant contends that such testimony presents the situation of a pedestrian who did not look where she was going at the time and place of the accident, and therefore she is guilty of contributory negligence as a matter of law.

It cites the case of Milburn v. K. C., St. J. & C. B. Ry. Co., 86 Mo. 104. The facts in that case are so different that it is of little help in arriving at a proper conclusion in the present case. There two of plaintiff's cows were killed by defendant's train on a crossing. The plaintiff's own testimony shows that he was standing nearby at the time and if he had made any effort at all he could have driven the cows from the crossing before the train struck them, but made no effort to do so. The case of O'Neill v. City of St. Louis, 292 Mo. 656, 239 S. W. 94, is also cited. But in that case the plaintiff *had knowledge of the dangerous condition in the sidewalk* and had warned her little boy about it several times. Clearly there is an element of contributory

negligence in the O'Neill case which does not appear in the case at bar, namely, *knowledge* and a *realization* on the part of plaintiff of the dangerous character of a defect in the sidewalk. The defendant next cites the case of Ryan v. Kansas City, 232 Mo. 471. The court *en banc*, after reviewing many authorities, announced the general principle of law applicable to the maintenance of sidewalks by cities, and the duty of pedestrians traveling thereon, in this language:

"The city is not an insurer of its sidewalks nor of the safety of pedestrians. The law only imposes the duty of having sidewalks reasonably safe for travel. The law does not say they must be safe, and thus insure the pedestrian. To say that the city must keep its sidewalks reasonably safe, and that the pedestrian may assume that such duty has been performed, does not mean that the pedestrian may walk thereon studying the stars, or blinded as a bat. Reasonably safe means that such walks can be used by a person in the exercise of ordinary and usual care. It means that whilst they are not absolutely safe, yet the pedestrian can use them with safety to himself, if he uses ordinary and usual care for his own safety. As stated above the pedestrian cannot be engaged in the study of astronomy and blindly fall into a ditch when the light of day, or its substitute, arc lights at night, would show the danger if such there was. *Nor does it mean that the pedestrian must keep his eyes riveted upon the sidewalk at each step of his progress. Ordinarily prudent and careful persons do neither.* Such persons are not star-gazing nor are they guarding each individual step they take. They do, however, use their senses to see that they do not encounter danger, and this without considering that they may assume that the city has fully performed its duty." (Italics ours)

In Sloan v. American Press et al., 37 S. W. (2d) 884, 890, after reviewing a multitude of opinions concerning this question, the court announced the law governing the duty of a pedestrian on a sidewalk, in this language:

"Without going further, it is evident that all the cases, even the dissenting opinion in the Ryan Case, require a pedestrian to have some concern for his own safety in walking on a public sidewalk though he may be innocent of knowledge that there are defects or obstructions along the way. He does not have to be 'constantly on the alert for defects not plainly observable, but neither may he go along paying no attention to where he is walking so that he would fail to see and avoid obstructions. He must proceed as a reasonably prudent footman would do, with his eyes open and having regard for his general course."

From the above cases and many others which might be cited, we think the rule can be generally and briefly stated to be that a pedestrian walking along a public sidewalk must use that degree of care which an ordinarily prudent person would use under like and similar circumstances; they cannot "star-gaze" or be indifferent to dangers in their pathway, but they are not required to keep their eyes fixed upon the

sidewalk immediately in front of them. In Neagle v. City of Edina, 53 S. W. (2d) 1077, 1081, the court said: "Ordinary care did not require her (plaintiff) to keep her eyes riveted upon the sidewalk at each step of her progress, because ordinarily prudent and careful persons do not do this."

This plaintiff testified she was walking along the sidewalk looking directly ahead and could see the walk and buildings for a considerable distance; that she was walking in the usual and ordinary manner. We are of the opinion that that is all that is reasonably required of her under the facts and circumstances in this case.

Before we can declare plaintiff guilty of contributory negligence as a matter of law, we must believe that reasonable minds might not differ on the question of whether she, at and prior to her fall, was exercising that degree of care and caution which a prudent person would employ under similar circumstances. This we cannot do. Under all the facts detailed in the evidence, we hold that the issue of contributory negligence was one for the jury.

Defendant also contends that plaintiff's injuries were not the natural and probable consequence of the alleged negligent act of the defendant in allowing the crack to remain in the sidewalk, and argues that its evidence was to the effect that the crack was so minor and trivial that it had not been noticed by the six persons called by it as witnesses. It is not for us to weigh conflicting evidence. If the variation in the level of the sidewalk was three or four inches, plus the broken, carcked, irregular and jagged condition of the walk, it would certainly make an issue of negligence to be submitted to the jury. [Lundahl v. Kansas City, 209 S. W. 564; Lithegner v. City of St. Louis, 125 S. W. (2d) 925; Neagle v. City of Edina, *supra.* ] The defendant cites the cases of Evans v. Wabash Ry. Co., 12 S. W. (2d) 67, and Logan v. Wabash, 96 Mo. App. 461. Those cases properly announce the well recognized principle of law that the wrongful act must be the efficient cause of the injury, but when the facts of those cases are examined they have no application to the issue under consideration in the case at bar.

We conclude that the evidence presents an issue of contributory negligence about which reasonable minds might differ and, under such circumstances, we would not be justified in holding her guilty of contributory negligence as a matter of law.

No other errors being charged, it follows that the judgment should be affirmed. It is so ordered. All concur.