Myrtle Clark and C. B. Clark, Her Husband, Respondents, v. Missouri Natural Gas Company, a Corporation, Appellant.— 245 SW (2) 685.

Springfield Court of Appeals. Opinion filed January 16, 1952.

*Robert C. Hyde, J. Lee Purcell,* for Appellant.

908

*Cope & Ponder,* for Respondents.

910

912

BLAIR, J.—Mrs. Myrtle Clark and her husband, C. B. Clark, were plaintiffs and appellant was defendant in the trial court, and they will be so referred to herein.

The petition was filed in Butler County, Missouri. The caption does not show where the answer was filed. The case went to Stoddard County on change of venue, and was there tried before a jury on January 15, 1951.

Plaintiffs resided in the city of Poplar Bluff, and defendant was a business corporation and maintained an office in that city. On or about March 30, 1950, defendant was engaged in extending its gas mains in that city, in furtherance of its business there, and was alleged to have left over night a section of gas pipe across the sidewalk leading to the home of plaintiffs. Plaintiff Myrtle Clark tripped over such gas pipe and fell, and claimed to have been seriously injured. Suit therefor was filed by her against defendant. Plaintiff C. B. Clark joined as a plaintiff, for loss of the services of his wife, his co-plaintiff. The jury trial resulted in a finding for plaintiff Myrtle Clark in the sum of $5000.00,

and in a finding for plaintiff C. B. Clark, in the sum of $2000.00. Motions for new trial in both cases, and to set aside the verdicts, were overruled, and defendant has appealed. Defendant's negligence is conceded by defendant.

In its brief, defendant makes the following statement:

"Since it is conceded that Plaintiff made a submissible case on the question of Defendant's negligence this testimony will not be further detailed."

The evidence of plaintiffs tended to show that defendant left the gas pipe upon the sidewalk, without lights or flares, to show the presence of such gas pipe over the sidewalk.

Defendant had been engaged in extending its gas pipes to a section of Poplar Bluff, which had not previously enjoyed gas service. It had dug long and possibly deep ditches or tunnels in which its gas pipes would eventually be laid. Defendant did not claim that it left flares or other lights upon the sidewalk itself. A careful study of defendant's evidence reveals the fact that the nearest flare, testified to by any witness for defendant, placed such flare about three feet from the sidewalk and that the other flares, claimed by defendant to have been left there, were probably put there to protect people from getting into the ditch or tunnel. On the other hand, plaintiffs' witnesses testified that there were no lights or flares whatever left at the scene of the accident.

At the particular place, where the testimony of plaintiff Myrtle Clark tends to show that she was hurt, the tunnel or ditch was planned to go under the sidewalk. Dirt therefrom had been thrown into the adjoining yard. There was a pole of some sort near the scene of the accident, and on that pole was an electric light of some voltage, probably not over 100 watts. The evidence does not show the presence of any reflector or shade above such light, which would throw light upon the sidewalk. The trees were not in leaf on March 30, 1950. The testimony tended to show that such leaves were budding out at about that time; but were not fully opened.

At about 7:00 o'clock P. M. plaintiff Myrtle Clark passed over the sidewalk at that point in going to her sister's home nearby. She then tripped over the gas pipe and knew defendant had left it there and that it had been in that condition since about 5:00 o'clock P. M. of that day. About 9:00 o'clock P. M., as she returned from the home of her sister, she tripped or stumbled over the gas pipe again and fell, and then sustained serious injuries. She was unable to perform her household duties and her husband, plaintiff C. B. Clark, was compelled to do many things about the home which plaintiff Myrtle Clark usually performed. Plaintiff C. B. Clark testified that he had been damaged by the injury to plaintiff Myrtle Clark, in this way.

In the petition plaintiff Myrtle Clark claimed damages in the sum of $10,000.00 and plaintiff C. B. Clark claimed damages in the sum of

$5000.00. As no contention appears to have been made, in defendant's brief, that the verdicts of $5000.00 damages to plaintiff Myrtle Clark and $2000.00 damages to plaintiff C. B. Clark, which the jury returned, are excessive, no futher attention in this opinion will be paid to the amounts of those verdicts.

The main contention of defendant is that plaintiff Myrtle Clark was guilty of contributory negligence in tripping or stumbling over the gas pipe on the sidewalk, when she knew, or should have known, that such gas pipe was on the sidewalk. Contention is also made of the impropriety of some of the instructions given for plaintiff Myrtle Clark, and the refusal of certain instructions offered by defendant. Defendant also claims error in the admissibility, for plaintiff Myrtle Clark, of certain testimony in rebuttal. Of these, in their proper order.

The most serious question in this case is whether or not plaintiff Myrtle Clark was guilty of negligence contributing to her injury. There can be no question but that the jury in this law case had the right to believe plaintiffs' witnesses and to disbelieve defendant's witnesses. There was most substantial evidence of defendant's negligence. The evidence showing such negligence was admitted. Did Myrtle Clark have sufficient knowledge of the misfeasance of defendant, or its employes, to debar her and her co-plaintiff from recovery of damages? Defendant's main contention is that the trial court erred in not sustaining its motion to dismiss the case, at the end of plaintiffs' testimony and at the conclusion of all the testimony in the case.

The first case cited by defendant is O'Neill v. City of St. Louis, et al. 292 Mo. 656, 239 S. W. 94. The opinion in that case was written by Judge Graves, in Division One of the Missouri Supreme Court. The alleged defect in the sidewalk was not only known by plaintiff, but had existed for many years and plaintiff had warned her son against stepping in the water service box. She was evidently fully aware of the danger of stepping into the hole in the sidewalk. The element of thoughtlessness was not important in that case as in the case at bar. In that case, it was evidently broad daylight, as plaintiff was going to church. In this case, it was dark and, according to plaintiffs' testimony, no flares existed to remind her of the danger. While the leaves of the trees were only budding, the limbs of the trees themselves obscured the danger to some extent. The danger in this case was only temporary, and all the knowledge shown to have been possessed by Myrtle Clark was her tripping or stumbling over the pipe earlier the same evening.

While the knowledge of the danger in the O'Neill case extended over a long period of time, the danger in this case was recent, easily forgotten and removable at any time. In the O'Neill case, Judge James T. Blair, of that Division of the Supreme Court, was marked as not sitting. Whether or not he concurred in the opinion is not shown. Under the facts in that case, the plaintiff therein was held to be guilty of contributory negligence; but we think the facts in this case are much

stronger against defendant and largely distinguish that case from the case at bar.

Defendant next cites Waldmann v. Skrainka Construction Co. 289 Mo. 622, 233 S. W. 242. Plaintiff in that case was injured after dark; but defendant had placed a red light in the center of the excavation. Plaintiff knew all about the excavation and was injured in stepping out of it. She knew the excavation was there, because she had gone over it in going to the show that night. It was not the excavation which caused the injury; but plaintiff therein failed to step high enough to get out of the excavation. The work was not shown to have been negligently done. Plaintiff's claim in that case that she could not see to get out of the excavation was held to be contrary to the physical facts. We think the facts in that case are quite different and much stronger for the construction company, than are the facts in the case at bar for defendant.

Hamra v. Helm, et al. 281 S. W. 103, was by this Court. It was a suit originally against the City of Caruthersville, which city was excavating the surface of a street when plaintiff, in that case, on April 19, 1924, drove his automobile into a manhole in the street. The excavation in that street had been there since the month of October preceding. There was no light or barrier to prevent the plaintiff in that case from entering the street; but he admitted that he knew the street had been under repair. Judge Bailey there said:

"To our minds but one conclusion can be drawn from the testimony, which is that plaintiff failed to look and failed to exercise ordinary care such as a reasonably prudent person would exercise under like or similar circumstances."

Defendant cites two other cases supposed to have a bearing on its claim of contributory negligence on the part of plaintiff Myrtle Clark; but those cases can be as readily distinguished from the facts in this case at bar, as the cases cited and quoted from by us.

Respondents have cited the case of Cordray v. City of Brookfield, decided by Frank, Presiding Judge, of Division One of the Missouri Supreme Court, on December 6, 1923, and reported in 65 S. W. (2d) at page 938, which covers the situation of plaintiff Myrtle Clark very well indeed. The facts in that case were quite different from the facts in this case; but the principles of the law are the same. In that case, Judge Frank said:

"There is no new question presented here in regard to contributory negligence. Plaintiff was shown to have had that knowledge of the defective condition of this sidewalk which came to a user of the same by frequently passing over it. Whether such a person, when injured and suing for damages, will be held to have assumed the risk of using the walk in its known condition or be held for contributory negligence in so doing has been frequently adjudicated. The rule is settled that a pedestrian having such knowledge

is not generally guilty of contributory negligence as a matter of law in continuing to use the defective sidewalk or street. Whether he is or is not negligent depends on the circumstances of the particular case and is a question for the jury. The test to be applied is whether a reasonably prudent person would under the particular facts continue in such use, or otherwise expressed, is the danger of doing so so obvious and glaring that a reasonably prudent person would not do so?''

It seems to us that to hold plaintiff Myrtle Clark guilty of contributory negligence would be a clear invasion of the rights of the jury. Of course she knew, according to her own testimony, that defendant's employes had gone off about 5:00 o'clock P. M. and left a piece of gas pipe across the sidewalk. It was there at 7:00 o'clock P. M. and she must have had knowledge of its presence there at 7:00 P. M. One of defendant's witnesses testified that he moved the gas pipe off the sidewalk the next morning, and the jury had the right to think that plaintiff Myrtle Clark could well assume that the sidewalk would have been free of its obstruction by 9:00 o'clock P. M., if she thought about the gas pipe at all. The only light or flare defendant claimed was at least three feet away from the sidewalk, and that would not show the gas pipe clearly. The light on the pole was not very great at best and there was no evidence that it specially showed on the sidewalk over which the gas pipe had been left at 5:00 o'clock P. M. While the leaves on the adjacent trees were not out, the buds were opening, and all of those things together with plaintiff Myrtle Clark's probable forgetfulness, may have contributed to the failure of plaintiff Myrtle Clark to recall the dangerous presence of the gas pipe before she fell over it. She was doubtless thinking of something else at the time.

We cannot think or hold that her conduct, together with the conditions surrounding the gas pipe over the sidewalk, was such as, in using it, to make her guilty of negligence contributing to her injury. At the very least, her alleged contributory negligence was a question for the jury to decide, and not for the trial court or this Court.

Defendant's Points II, III and IV in its brief, may be considered together. Paragraph I of Section 512.160, R. S. Mo. 1949, which is a copy of Section 140, R. S. Mo. 1943, page 397, (being a part of the New Code of Civil Procedure) outlawed the sort of procedure in an Appellate Court, which defendant attempted to follow in this case. Possibly some lawyer, who wanted an Appellate Court to consider the instructions given and refused by the trial court on appeal, whether or not the attention of the trial court was called to all of the alleged errors, which appellant, on appeal, claims in his brief, induced the Missouri Legislature in 1947 to provide, in Section 122, page 228, of the 1947 Session, that the trial court's attention must be called to claimed errors ''except it shall not be necessary to state grounds for objections for instructions.''

This amendment in 1947 probably makes it necessary for us to consider defendant's *present* objections, even though such alleged errors were discovered or thought of by defendant, possibly months after the trial court completed the case and had passed long before, on defendant's motion for a new trial, which defendant then did not even think of.

Defendant now urges error of the trial court in giving instructions 3 and 4 for plaintiff and in refusing to give defendant's offered instructions 2, 6 and 8, and specifies claimed errors therein. Grounds 16, 17 and 18, of defendant's motion for new trial in the trial court, probably called the attention of the trial court generally to the alleged errors in the giving and refusal of such instructions.

We have carefully considered those objections and find that plaintiff's given instructions either properly stated the law or the trial court's refusal of instructions offered by defendant was proper, because the trial court had already given *proper* instructions to the jury on the same subject.

We certainly would not now order a new trial, based on defendant's charge of error of the trial court in permitting plaintiffs to introduce rebuttal evidence, even though such evidence was not strictly rebuttal evidence.

Ground 21, of the motion for new trial is the only ground of that motion, we can find, which attempts to cover rebuttal evidence at all. That ground does not even hint how defendant could possibly have been prejudiced by such rebuttal testimony. It is now too late to urge slight objections to such rebuttal testimony. The judgment is affirmed.

It is so ordered.

*Vandeventer, P. J.,* and *McDowell, J.,* concur.