**Fred M. ADLER, Appellant,**

v.

**LACLEDE GAS COMPANY, a Corporation, Respondent.**

No. 51854.

Supreme Court of Missouri,

Division No. 2.

April 10, 1967.

Motion for Rehearing or to Transfer to Court En Banc Denied May 8, 1967.

Schwartz, Schwartz & Gilden, St. Louis, for appellant.

Charles F. Hamilton, St. Louis, for defendant-respondent, Doris J. Banta, St. Louis, on the brief.

STOCKARD, Commissioner.

At the close of all the evidence the trial court entered judgment for the defendant on a directed verdict in plaintiff's suit for damages for personal injuries in the amount of $35,000. Plaintiff has appealed.

Plaintiff was injured on Wednesday evening, September 11, 1963, by a fall into an excavation in the form of ditch along the east side of McKelvey Road in St. Louis County, which had been dug by defendant in which to lay a gas main. The excavation was in the public right of way, but about eight or nine feet from the macadam paving of the street. Plaintiff intended to go to the Arlington Methodist Church, located on McKelvey Road, to obtain a flower "insert" or vase to deliver to a florist. He approached the area in his automobile and stopped on the west side of McKelvey Road. At the time the headlights of his automobile were turned on, and he saw a four-foot mound of dirt on the east side of the road blocking the driveway into the church. Plaintiff said he saw no lanterns, signals or warning flashes of any kind, but defendant's foreman testified that there were two lanterns at the driveway, and that there were lanterns and flags spaced alternately along the mound of dirt. Plaintiff then drove southward, made a complete turn, and drove back northward on the east side of McKelvey Road and stopped again at the driveway to examine the situation. By this time, according to plaintiff, it was dark, but he could see "the dirt was still four feet high and that it still blocked the driveway." Plaintiff then drove northward about 100 to 150 feet along the excavation, and pulled his automobile to the right as far as possible and stopped. He left the headlights of his automobile turned on. While sitting in his automobile plaintiff could see the pile of dirt which he said was only one foot high at that place, and to the east of the dirt he could see the pipe resting on what he called a "cradle." Plaintiff got out of the automobile and walked around the rear of it, and from there he had no difficulty in seeing the pile of

dirt, and he could see the pipe. Although no one told him there was an excavation and he did not see it, plaintiff realized that there was one, but he "thought the ditch was on the east side of the pipe; that the pipe made a barrier to keep you from going into the ditch." Plaintiff intended to cross the dirt pile, follow the pipeline to the driveway, then cross the pipe and the ditch and go to the church. He stepped upon the dirt, and when he did so he had no difficulty in seeing the pile of dirt and the pipe. He did not, to his knowledge, look to see where his next step would go, but "took another step and stepped right into the hole." He did not slip or stumble on the pile of dirt.

The construction foreman of defendant testified that the excavation was fourteen inches in width and two and one-half to three feet in depth. The pile of dirt was to the west and parallel to the ditch with about six inches between the edge of the ditch and the east side of the pile of dirt. The gas pipe was resting on blocks of wood eight inches in height, and was about six inches east of the east side of the ditch. On September 11, 1963, defendant's crew had run into some rock, and at the close of the day the ditch was left open for a total of about 400 feet; 300 feet to the north of the church driveway, and 100 feet to the south of the driveway. The ditch had been "backfilled" north of that part which had been left open, and beyond the 100 feet south of the driveway the ditch presumably had not been dug.

The negligence charged against defendant in plaintiff's petition was that it "permitted an excavation adjacent to the street to remain in a state whereby it did not have sufficient lighting, or any lighting, to indicate that said excavation was there," that defendant had no "visible signs to indicate that said excavation was present," and defendant "did not make said excavation safe nor did it warn people walking near said excavation of the dangerous condition therein."

Plaintiff contends that the evidence established a submissible case of negligence, and that the trial court erred in directing a verdict for defendant. In determining this issue we shall consider the evidence which is favorable to plaintiff as true and give him the benefit of every inference of fact which can reasonably be drawn therefrom. McVicar v. W. R. Arthur & Company, Inc., Mo., 312 S.W.2d 805, 65 A.L.R.2d 785. But, in doing this, we can neither supply evidence nor ignore evidence binding on plaintiff, nor can we use the above principle as a basis for unreasonable, speculative or forced inferences. Atcheson v. Braniff International Airways, Mo., 327 S.W.2d 112, 117; Hunter v. Karchmer Mo.App., 285 S.W.2d 918.

Defendant asserts that plaintiff did not make a submissible case of negligence against it because by his testimony he admitted that he saw the pile of dirt and the pipe, and that he knew there was an excavation, and after citing Howard v. Johnoff Restaurant Company, Mo., 312 S.W.2d 55, and Paubel v. Hitz, 339 Mo. 274, 96 S.W.2d 369, defendant argues that it had no duty to warn plaintiff when the warning would impart no more information to plaintiff than that already possessed by him. The most that a warning, by lights or signs, could have told plaintiff that he did not already know was that the excavation was between the pile of dirt and the pipe rather than to the east of the pipe where he said he thought it was. We shall assume for the purpose of this opinion that a submissible case of negligence on the part of defendant was authorized by the evidence. Even so, we reach the conclusion that the trial court correctly directed a verdict for defendant on the basis that he was contributorily negligent as a matter of law.

Whether the dangerous condition be considered to consist of the excavation alone or of the combination of the pile of dirt, the excavation, and the pipe, plaintiff had actual knowledge of the existence and presence of the condition. His only lack

of knowledge pertained to the exact location of the excavation in relation to the pile of dirt and the pipe, and that resulted from what might by some be considered to be an unreasonable assumption on his part that the pipe was between the pile of dirt and the excavation. The pile of dirt which was located to the west of the excavation and the pipe which was located to its east actually amounted to a barrier on each side of the excavation. Plaintiff was not in a hurry and no other person or thing distracted his attention. See Butler v. City of University City, Mo.App., 167 S.W. 2d 442. He was not being pressed by others behind him. See Brandt v. Thompson, Mo., 252 S.W.2d 339. By going only a short distance north or south plaintiff could have crossed from the paved area of the street to the area beyond the public way without crossing the excavation. He stopped his automobile adjacent and parallel to the pile of dirt, and left the headlights of his automobile turned on. Then instead of going to the front of the automobile and crossing with the benefit of the light from his automobile, he went to the back of his automobile. But even so, he testified that in those conditions he could see the pile of dirt and the pipe. Knowing that an excavation was present, and that the dirt upon which he stepped came from it, by his own admission, plaintiff took another step without looking, and as a result he stepped into the excavation. The rule applicable to the situation in this case, as stated in Welch v. McGowan, 262 Mo. 709, 172 S.W. 18, 20, is that "when one traveling along a public street sees, or otherwise receives actual notice, that such street is out of repair or torn up, he must look for obstructions and other dangers and avoid them if he can do so by exercising ordinary care." Stated another way we find the rule set out in Waldmann v. Skrainka Constr. Co., 289 Mo. 622, 233 S.W. 242, as follows: "It is the settled law in this state that, while a traveler on a public street or sidewalk may ordinarily presume that the way is clear and in good condition, still, if the traveler knows that the sidewalk or street being used by him is torn up or obstructed by public work being done therein, he cannot go forward, relying on the presumption that the way is clear, but must exercise his faculties to see and discover the dangers that he may encounter from such obstructing public work, and if he fails to do so, and is injured thereby, he cannot recover, on the ground that he himself is guilty of contributory negligence, although the public authorities or the contractor doing the work may also have been guilty of negligence." See also O'Neill v. City of St. Louis, 292 Mo. 656, 239 S.W. 94; Clark v. Missouri Natural Gas Co., Mo., 251 S.W.2d 27; Lamberton v. Fish, Mo., 148 S.W.2d 544; Eisele v. Kansas City, Mo.App., 237 S.W. 873. For related cases involving obstructions on or near a sidewalk, but in which applicable general principles are announced, see Sloan v. American Press, 327 Mo. 470, 37 S.W.2d 884, and Drury v. City of St. Louis, Mo., 367 S.W.2d 494. This is not the situation where plaintiff momentarily forgot about a known dangerous condition, 74 A.L.R.2d 950, annotating Harbourn v. Katz Drug Co., Mo., 318 S.W.2d 226, 74 A.L.R.2d 938, or where the condition was not so obviously dangerous that in the exercise of reasonable care persons regularly crossed it. Goldman v. City of Columbia, Mo.App., 211 S.W.2d 541. In this case plaintiff had actual knowledge that an excavation was present at the precise place he was attempting to cross, and with this knowledge and with no pressure or necessity to proceed forward at that particular place he proceeded over the barrier consisting of the pile of dirt and stepped into the excavation without looking to determine where he was stepping. Although it was sufficiently dark to require the use of the lights on his automobile when driving, he could see the pile of dirt and also the pipe without the aid of artificial light. It necessarily follows that by looking where he was stepping he could have seen the excavation. We necessarily conclude that plaintiff was contributorily negligent as a matter of law.

The cases cited and relied on by plaintiff are all distinguishable. In Bean v. City of Moberly, 350 Mo. 975, 169 S.W.2d 393, there were no barricades, lights or piles of dirt, and although plaintiff knew of repair work in the area, he did not know or have reason to know that the excavation extended to the driveway where he attempted to enter an automobile and fell in the ditch. It was held that under the facts and circumstances of that case "it cannot be said that [plaintiff] had such actual knowledge as the rule preventing recovery contemplates, * * *." In Grimes v. Standard Oil Co., Mo.App., 370 S.W.2d 627; Sanders v. Carl Berry Oil Company, Mo., 359 S.W.2d 769; Fields v. Kansas City, Mo.App., 377 S.W.2d 528; and Burch v. Moore's Super Market, Inc., Mo., 397 S.W.2d 590, the plaintiff did not have knowledge of the presence of the dangerous condition. In Brooks v. City of Ste. Genevieve, Mo.App., 164 S.W.2d 164, contributory negligence as a matter of law was not an issue. In that case whether plaintiff was contributorily negligent was submitted to the jury, and the verdict for defendant was affirmed. In Butler v. City of University City, Mo. App., 167 S.W.2d 442, the defective condition was not so obvious or dangerous that plaintiff was charged with the appreciation of the unreasonable risk involved. Joshmer v. Fred Weber Contractors, Inc., Mo.App., 294 S.W.2d 576, is not factually similar. There the plaintiff was injured when she attempted to cross a ditch on a board which broke with her weight.

Under the facts and circumstances we have outlined, we are constrained to conclude that the trial court correctly directed a verdict for defendant.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., dissent.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.